UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

FILED ___ LODGED ___ RECEIVED
SEP 14 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

| | |
|---|---|
| Lisa Marroquin<br>3610 S J St<br>Tacoma, WA 98418<br><br>Plaintiff,<br><br>v.<br><br>Merchant's Credit Corporation<br>d/b/a Merchants Credit Association<br>c/o David W Quigley, Registered Agent<br>2245 152Nd Ave NE<br>Redmond, WA 98052<br><br>Defendant. | Case No.: **C09 5565** RJB<br><br>Judge:<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 29, 2009, Defendant telephoned Plaintiff.

Issued T-6899

8. During this communication, Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay the balance of the debt.

9. During this communication, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the balance of the debt.

10. At the time of this communication, Defendant had neither the intent nor ability to sue Plaintiff.

11. At the time of this communication, Defendant had neither the intent nor ability to garnish Plaintiff's wages.

12. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Lawrence Lofgren*
Lawrence S. Lofgren (Bar No. 34318)
600 Stewart St, Ste 724
Seattle, WA 98101
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: llo@legalhelpers.com
*Attorney for Plaintiff*